382 So.2d 984 (1980)
David B. DOUCET
v.
PLANTATION MANOR, INC.
No. 13068.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*985 Clayton E. Lovell, Houma, for plaintiff and appellant.
Laurence E. Best, Houma, for defendant and appellee.
Before EDWARDS, LEAR and GREENE, JJ.
EDWARDS, Judge.
David B. Doucet, plaintiff-appellant, sued Plantation Manor, Inc.[1] for past-due wages, penalty wages and attorney fees pursuant to LSA-R.S. 23:631 and 632.[2] Following trial, judgment was rendered awarding plaintiff $413.00 in wages and $300.00 in attorney fees. Plaintiff's demand for penalty wages was rejected. Plaintiff appeals seeking both penalty wages and increased attorney fees. We affirm.
David Doucet was employed by the defendant corporation from December of 1977 until August 5, 1978, at a salary of $1,100.00 per month. After quitting, plaintiff demanded his final paycheck on August 20, 1978, the next regular payday. Defendant's agents refused payment on the basis that Doucet owed money for furniture previously purchased on his behalf. Plaintiff subsequently filed the suit now on appeal.
R.S. 23:632 is a penal statute and therefore must be strictly construed. Equitable defenses are available and penalty wages are not to be absolutely imposed irrespective of the circumstances. Granderson v. New Orleans Board of Trade, 355 So.2d 620 (La.App. 4th Cir. 1978), application not considered 357 So.2d 1165 (La. 1978); Rubenstein Bros. v. LaForte, 320 So.2d 303 (La.App. 4th Cir. 1975); Otwell v. Howard Lumber & Supply Company, Inc., 283 So.2d 826 (La.App. 2d Cir. 1973), writ denied 286 So.2d 364 (La.1973).
A dispute as to wages due is a commonly asserted equitable defense to a claim for penalty wages. Even if the defendant's contentions are ultimately rejected, penalty wages will not be awarded so long as the employer acted in good faith when resisting payment of sums allegedly past-due. Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183 (La.App. 1st Cir. 1979), writ denied 373 So.2d 150 (La.1979); Carriere *986 v. Pee Wee's Equipment Company, 364 So.2d 555 (1978); Colbert v. Mike-Baker Brick Company of New Iberia, Inc., 326 So.2d 900 (La.App. 3rd Cir. 1976), application not considered 329 So.2d 753 (La.1976).
In the present case, plaintiff testified that the furniture purchased for him was a bonus, that he was not told he would have to pay anything back, and that, unlike the furniture purchase, any advances on salary were evidenced by slips signed by the employee and taken out of the next paycheck. Norman Mouracade, the general manager of Plantation Manor while plaintiff was employed there, testified to the same effect as Doucet.
On the other hand, John Thomas Campo, bookkeeper for the defendant, testified that Norman Mouracade's instructions to him were to treat the furniture purchase as an advance to be repaid rather than as a bonus.
Mike Totah, owner of the defendant corporation, testified that while salary advances were sometimes made, bonuses were only granted if the business was making a profit. He stated that the Plantation Manor Restaurant of Houma was a losing business proposition and that a bonus had not been given. Totah also testified that repayment of the furniture purchase price had been agreed to by Doucet and that certain sums had in fact been repaid.
The trial court weighed the testimony and apparently concluded that the furniture purchase was, indeed, a bonus. However, conflicting testimony also made clear that there was a valid wage dispute. Therefore, no penalty wages were awarded.
A careful examination of the entire record convinces us that the trial court's evaluation of the facts was correct and that the judgment contained so manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be paid by David B. Doucet.
AFFIRMED.
NOTES
[1] At trial, it was stipulated that the named defendant would be changed from Plantation Manor, Inc. to Plantation Manor Restaurant of Houma, Inc.
[2] R.S. 23:631 provides:

"A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section."
R.S. 23:632 provides:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."