441 So.2d 28 (1983)
Glenn MENARD, Plaintiff-Appellant,
v.
ROY YOUNG, INC., Defendant-Appellee.
No. 83-226.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 16, 1984.
*29 Miller, Miller & Craton, Michael B. Miller, Crowley, for plaintiff-appellant.
Marcus A. Broussard, Jr., Abbeville, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Plaintiff, Glenn Menard (Menard) brought this suit against defendant, Roy Young, Inc. (Young), seeking past due wages, interest, penalties and attorney's fees under the provisions of LSA-R.S. 23:631 and 632. The trial court rendered judgment in favor of Menard on a cross motion for summary judgment in the amount of $270 for past due wages and $750 attorney's fees. Statutory penalties were denied by the trial court. The court recognized defendant's "good faith" error in computation of certain payroll deductions as an equitable defense to the action. Menard relies on seven assignments of error seeking interest, penalties, increased attorney's fees and having defendant cast with costs of court. Young answers the appeal contending that the attorney's fees were excessive and that Menard should be cast with court costs since the wages due were properly tendered at all times by having deposited the same into the registry of the court. We amend and affirm.
Prior to February 17, 1982, Menard was an employee of Young with a salary of approximately $60 per day. In January of 1982, an error occurred whereby plaintiff was inadvertently paid the sum of $967.49 as a "truck commission" which was due another party. Plaintiff allegedly did not report the error or return the proceeds. In February, the following month, the error was discovered by defendant and deductions from plaintiff's earnings were then made to correct the previous overpayment. The record is unclear as to whether these deductions were disputed or resulted in plaintiff's termination from work.
On February 17,1982, Menard voluntarily terminated his employment and demanded his pay. Defendant's business manager told Menard that he would have to wait until February 27, 1982, a payroll disbursement date, to receive his check. Menard appeared on that date and received check # 9275 for $389.72, which covered the payment of wages up until February 15, 1982. Menard had to therefore return on March 12, 1982, to pick up check # 9520 for $116.62 covering wages due from February 15th to February 28th. He negotiated both checks.
Plaintiff subsequently filed suit for wages still due in the amount of $270 and for statutory penalties for the above mentioned delays. In correcting the overpayment, Young deducted the gross overpayment of $967.49 from Menard's net wages. This resulted in Menard having to pay an additional sum of $270 for withholding which he did not owe. The proper procedure would have been to deduct the gross error ($967.49) from Menard's gross wages (before withholding deductions). The error had essentially caused Menard to pay double Federal, State and FICA taxes.
By letter of March 24, 1982, Young, through counsel, admitted that they had erroneously deducted the $270 and enclosed a check for that amount with the following notation:
"If your client wishes to accept it in full payment of all claims, please give it to him. If he is not willing to accept it on these terms, please return it to me and I will deposit it to the Registry of Court."
Menard refused the conditional tender and the sum was accordingly deposited in the Registry of the Court.
After answering plaintiff's petition, Young moved for summary judgment with supporting affidavits. The affidavits established that the improper withholding deduction was a "good faith" error. This allegation was viewed by the trial court as an *30 equitable defense to the suit. Plaintiff then moved for a cross summary judgment for demands in his petition. The trial court, without assigning written reasons, dismissed plaintiff's suit and awarded him $270 in past wages and $750 for attorney's fees. Court costs were apportioned between the parties. The trial court apparently recognized as valid, the alleged good faith error made by Young, with respect to the double deductions and denied recovery of statutory penalties for failure to pay wages timely. LSA-R.S. 23:631 et seq.[1]
In order for an employer to be held liable for penalty wages, the employer's actions must have been motivated through bad faith, or he must be found to have acted in an arbitrary or unreasonable manner given the circumstances. Only a "good faith" or "non-arbitrary" defense to liability for unpaid wages will permit the courts to excuse the employer from the imposition of penalty wages. Letulle v. S & E Oil Co., Inc., 387 So.2d 703 (La.App. 3rd Cir.1980); Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1st Cir.1979).
LSA-R.S. 23:632 is a penal statute and therefore must be strictly construed. Equitable defenses are available and penalty wages are not to be absolutely imposed irrespective of the circumstances. Doucet v. Plantation Manor, Inc., 382 So.2d 984 (La.App. 1st Cir.1980).
With these established principles, we first consider plaintiff's assignments of error in light of the facts to determine whether Young was in good faith, or had a reasonable basis for withholding Menard's wages until respective payroll dates.
Clearly, the statute in question requires that the employer pay the employee, who is discharged or resigns, "the amount then due under the terms of the employment... not later than three days following the date of discharge or resignation." We further stated in Powell v. Flotation Services, Inc., 413 So.2d 276 (La.App. 3rd Cir.1982), cert denied, 415 So.2d 941 (La. 1982) that:
"The employer's rules, policies or procedures for issuing checks for wages shall not have the effect of extending the three day period set forth for employees who have been discharged or resigned."
It appears that defendant's refusal to pay Menard before payroll dates may have been unwarranted. However, this alone does not justify the imposition of statutory penalties since defendant's motive for delay was not in bad faith. Young sincerely believed that the previous over *31 payments made to Menard were recoverable, and in good faith felt justified in withholding Menard's wages until the sum was repaid. In view of plaintiff's impropriety in failing to report the previous overpayment, and considering defendant's desire to avoid further error, we are convinced that defendant's cautious withholding of plaintiffs wages for incremental deduction purposes, until scheduled payroll dates, constitutes a sufficient equitable defense.
In Duhon v. Prof Erny's Music Company, Inc., 328 So.2d 788 (La.App. 3rd Cir.1976), we further held that an employer is not justified in attaching conditions to payments of wages admittedly due. In this instance, the record as well as defendant's brief, establish that the sum of $270 was admittedly due Menard. Therefore, the conditional offer made by Young to Menard of wages admittedly due was improper. Menard was entitled to his wages without any conditions attached. Again, since the withholding of the wages is deemed by us to have been made in good faith error, we will not allow plaintiff to recover statutory wage penalties. We hold however, that defendant should be condemned to pay the legal rate of interest on the sum of $270 from the date it was conditionally offered to plaintiff and that defendant be cast with costs of these proceedings since this action was necessary to have the defendant's unwarranted condition removed from wages admittedly due the plaintiff.
For the foregoing reasons, the judgment of the trial court is amended to grant plaintiff the legal rate of interest from the date of the conditional tender of the sum of $270 representing unpaid wages, and to cast defendant with all costs of court; as amended the trial court's judgment on the motions for summary judgment is affirmed.
AFFIRMED AS AMENDED.
NOTES
[1] Plaintiff's action was brought under the provisions of LSA-R.S. 23:631 and 632 which provide as follows:

"631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service."
B. (omitted)
C. (omitted)
"632. Liability of employer for failure to pay; attorneys' fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."