476 So.2d 567 (1985)
W.C. KNAPP, Plaintiff-Appellant,
v.
THE MANAGEMENT COMPANY, et al., Defendants-Appellees.
No. 84-724.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*568 William Henry Sanders, Jena, for plaintiff-appellant.
William H. Ledbetter, Jr., Bossier City, for defendants-appellees.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
FORET, Judge.
W.C. Knapp filed this suit seeking wages due, penalties, and attorney's fees under the provisions of LSA-R.S. 23:631, et seq. Named as defendants are The Management Company and the Harrisonburg Nursing Center. After trial on the merits, the trial court dismissed plaintiff's suit.
W.C. Knapp appeals the judgment of the trial court in dismissing his suit for failure to prove an employer-employee relationship. Knapp's claim for penalties and attorney's fees was denied.
Appellant's specifications of error may be narrowed down to a single issue: Whether or not W.C. Knapp fits within the class of persons covered under R.S. 23:631, et seq.
Appellees contend that Knapp was not an employee, that he was an independent contractor. The trial court noted in its reasons for judgment that plaintiff was an independent contractor and, therefore, not covered by the statute.
R.S. 23:631 provides that upon the discharge or resignation of "any laborer or other employee" it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. R.S. 23:632 provides certain penalties where an employer fails or refuses to comply with the provisions of § 631.
The issue in this case, therefore, is whether the claimant is within the classification of persons covered by the statute, i.e., was the plaintiff a "laborer" or "employee" of the defendants. We conclude, as did the trial court, that plaintiff was not a laborer or employee, and thus not covered by the provisions of the above cited statutes.

*569 FACTS
Plaintiff, a local painting contractor, was contacted by defendants' manager, Ms. Beth Willis, in July of 1983. The manager informed plaintiff that she was on a budget and had no present funds for the work, but would have some available in August.
At this time, it was agreed that plaintiff would do the work in August, and, because it was an interior job, he would be paid on the basis of $11 per hour. Mr. Knapp was to keep his own time, set his own work schedule, and provide his own tools. Defendants were to provide some helpers who would move the furniture and drop cloths, and defendants would provide the paint. Plaintiff assumed he would be paid every two weeks, but defendants assumed payment upon job completion. Plaintiff was never placed on defendants' payroll; none of the usual payroll deductions were withheld from plaintiff's pay; and defendants had no control over the material details of how plaintiff was to do his work.
Plaintiff began working August 1 and, near the end of the first two weeks, asked for a payment. Defendants' manager advised him that she would have to seek authorization for payment from the central office in Pineville. The record reflects that plaintiff expected immediate payment.
Plaintiff was not paid until August 19 (through the mail) for the first two weeks of work. Dissatisfied with what he considered to be slow payment, plaintiff walked off the job on August 19. Defendants mailed plaintiff a check for the balance owed, which was received September 13. By that time, plaintiff had secured the services of an attorney, who would not allow him to accept the check mailed for the balance owed. The check and a demand for attorney's fees and penalties totalling $2,998.82 were mailed to defendants.
LSA-R.S. 23:631, et seq., which impose a duty on an employer to pay an employee within three days following discharge or resignation and impose penalties and attorney's fees on those who do not pay in the manner so directed, are coercive and penal in nature. Therefore, these provisions must be strictly construed and are not to be extended beyond the clear wording of the statute. Keith v. Little, 434 So.2d 548 (La.App. 2 Cir.1983).
The record reflects that Knapp kept his own time, set his own work schedule, and provided his own tools. He was obviously not under the control or supervision of the defendants. Where a claimant has complete freedom of movement, selection of time and manner of work, without being subjected to the control and direction in the performance of his services by the defendant, and where there is no withholding of taxes or Social Security deductions, then the relationship is that of a principal-independent contractor, and not that of an employer-employee. Collins v. Joseph, 250 So.2d 796 (La.App. 4 Cir.1971). The record shows that none of the customary payroll deductions were withheld from Knapp's pay.
Even if § 631, et seq., were applicable to Knapp, he has failed to carry his burden of proof to entitle him to penalties and attorney's fees. An employee is required to prove that the wages were due and owing, that demand for payment was made at the place where he was usually paid, and that the employer failed to pay upon demand. Thomas v. DeJohn's Plumbing and Heating Co., Inc., 380 So.2d 161 (La.App. 1 Cir.1979); Taylor v. Clark, 304 So.2d 728 (La.App. 4 Cir.1974).
Appellant argues that if he is not an employee, he is within the class of persons covered by the statute which are called "any laborer or other employee of any kind whatever." However, the purpose of the statute "is to compel an employer to pay promptly the earned wages of an employee after his discharge or resignation." Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1 Cir.1979). Furthermore, penalty wages will not necessarily be imposed in every case, as there are equitable defenses which an employer may raise to avoid the imposition of penalty wages. Metrailer v. Cameron Cable & *570 Cordage, Inc., 440 So.2d 976 (La.App. 3 Cir.1983), writ denied, 445 So.2d 436 (La. 1984). The trial court found that the defendants in this case did not arbitrarily or capriciously refuse payment of wages to Knapp. Powell v. Flotation Services, Inc., 413 So.2d 276 (La.App. 3 Cir.1982), writ denied, 415 So.2d 941 (La.1982); Menard v. Roy Young, Inc., 441 So.2d 28 (La.App. 3 Cir.1983), writ denied, 444 So.2d 122 (La. 1984).
We are aware of cases holding that the employer's procedures or conveniences do not excuse tardiness in responding to an ex-employee's demand for wages. However, those cases apply only when a claimant is found to be within the purview of LSA-R.S. 23:631, et seq., which claimant herein is not.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.