STOKER, Judge.
Johnny L. Fuqua and Maxey W. Murry were employees of Aquatic Equipment & Engineering Company until October 10, 1982, and were assigned to a job Aquatic was doing for Mobil Oil Corporation.[1] Both plaintiffs claim that they were promoted in early October to positions paying a higher hourly rate than that which they *144 actually received. After making demands upon Aquatic and Mobil, they filed suit against the companies to collect the difference, attorney’s fees and penalties. The suits were consolidated. Trial was held November 30, 1983. A minute entry on April 9, 1984 reflects that Murry was awarded $328 and Fuqua $545.60. Each plaintiff was also awarded $1,000 attorney’s fees. Penalties were denied. The entry notes that costs were “to be paid by defendant,” but does not indicate which of the two defendants the judge intended to cast. The judgment, signed July 24, 1984, provides that “Defendants, AQUATIC EQUIPMENT & ENGINEERING CO. AND MOBILE OIL CORPORATION be cast for all costs of these proceedings,” implying that judgment was rendered against both. That day the plaintiffs filed a motion for a new trial, claiming that the judgment was illegal and contrary to the evidence of the case. The defendants filed a motion on August 17, 1984 on behalf of Mobil seeking to amend the judgment, as the minute entry of April 9, 1984 did not indicate that Mobil was held liable to the plaintiffs. The judge denied both motions. A subsequent minute entry explains that “[although the court did not render judgment against Mobil Oil Corporation the error [in the judgment] would have to be changed by a motion for a new trial which motion was not timely filed.”
Plaintiffs and defendants appeal. Plaintiffs claim that the court failed to award them the full amount of the wages due to them. Defendants contend that the judgment against them is contrary to law and the evidence. However, they do not list the judgment against Aquatic as an issue presented on appeal, and do not discuss this point in their brief. We conclude that Aquatic has acquiesced in the finding of its liability to the plaintiffs.
Separate opinions will be rendered regarding the two plaintiffs. The other action is Fuqua v. Aquatic Equipment & Engineering, Inc. and Mobile Oil Corporation, 484 So.2d 146 (1986).
MURRY’S WAGES
Maxey W. Murry asked for $873.52 in his original petition. The trial judge awarded him $328. We find that the evidence supports his original claim. Murry worked as a rigger until October 1, when he was promoted to foreman. During the week of September 27 to October 3, his paycheck stub reflects that he worked 100 hours. Aquatic’s worksheets show that for 42 of those hours he was listed as a foreman. Murry was told that his wage in that position would be $12 per hour. Thus, he should have been paid $7.25 per hour (a rigger’s wage) for the first 40 hours of that week, $10.88 per hour (the overtime rate for a rigger) for the next 18 hours, and $18 per hour (the overtime rate- for a foreman) for the remaining 42 hours. That week he earned $1,241.84. The following week, the worksheets show that Murry worked 94 hours, 40 at $12, and 54 at $18. He should have been paid $1,452. Instead of the $2,693.84 that he was owed, Aquatic paid him $1,820.32. Thus, Aquatic owes the additional sum of $873.52. We amend the lower court’s judgment to reflect this sum.
FUQUA’S WAGES
Johnny L. Fuqua worked as a rigger, earning $7.25 per hour, until he was promoted to work as a welder on October 4. He was promised $11.65 per hour. He worked 96 hours during the week of October 4 to October 10. He should have received $1,444.88, but was only paid $899.28. Therefore, Aquatic owes him $545.60, which is what the trial court awarded.
PENALTIES
Under LSA-R.S. 23:631, upon the discharge or resignation of an employee, an employer must pay all amounts due to the employee within three days. Penalty wages and attorney’s fees may be assessed against any employer who fails to comply with that provision. LSA-R.S. 23:632. Our courts have stated that in order for an employer to be liable for penalty wages, the employer must have been motivated by bad faith or must be found to have acted in *145 an arbitrary or unreasonable manner. Menard v. Roy Young, Inc., 441 So.2d 28 (La.App.3d Cir.1983), writ denied, 444 So.2d 122 (La.1984); Powell v. Flotation Services, Inc., 413 So.2d 276 (La.App.3d Cir.1982), writ denied, 415 So.2d 941 (La.1982).
The trial judge denied penalties in this case "[d]ue to the fact that there was a legitimate dispute as to the amount of wages due and that Plaintiffs are awarded less than they demanded_” The promotions of Murry and Fuqua were made by Aquatic’s superintendent, who never filled out the required paperwork for the reclas-sifications. The office manager prepared the payroll based on the information available to her, which showed that Fuqua and Murry were riggers. She testified that the superintendent was not authorized to set salaries without the approval of the comptroller. The superintendent did not seek that approval in this case. The trial judge concluded that as a matter of law Aquatic was bound by the superintendent’s promotions. However, in refusing to pay the disputed amount Aquatic did not act out of bad faith, nor was it arbitrary or unreasonable. The company had a valid argument in asserting that it owed the plaintiffs only $7.25 per hour. We agree that penalties are not appropriate in this case.
MOBIL’S STATUS
LSA-C.C.P. art. 1951 provides that a final judgment may be amended to alter the phraseology of the judgment, but not the substance. Our courts have held that only where the amendment takes nothing away from or adds nothing to the original judgment is amendment appropriate. Villaume v. Villaume, 363 So.2d 448 (La.1978); Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3d Cir.1982). To change the substance, a party must either seek a new trial or take an appeal. Villaume, supra; Tuttle v. Tuttle, 430 So.2d 269 (La.App. 5th Cir.1983), affirmed, 462 So.2d 175 (La.1985).
Mobil was not mentioned in the minute entry of the oral judgment. The court ordered that costs were “to be paid by defendant.” Mobil contends that the judge envisioned only one defendant, Aquatic, the acknowledged employer of Murry and Fu-qua. The written judgment, signed by the trial judge, cast Mobil for costs. Along with Aquatic, Mobil filed a Motion and Order to Amend Judgment to eliminate this reference. The judge denied the motion, obviously believing that the change would be one of substance, which could be corrected only through a new trial.
We agree with the trial court that the amendment sought by the defendants would be one of substance. Though the minute entry of April 9,1984 is unclear, the subsequent judgment is not. That judgment was signed by the trial judge. The defendant ultimately may have been correct in asserting that Mobil’s inclusion in the judgment was inadvertent, but it is apparent from the face of the document that the company was cast in judgment. Thus, Article 1951 does not apply, and the proper remedy was a new trial, which was not requested timely. Dunker v. New Orleans Baptist Theo. Sem., 411 So.2d 71 (La.App. 4th Cir.1982).
Nevertheless, in reviewing the record on appeal, we find that there was insufficient evidence to hold Mobil liable for the plaintiffs’ wages. Fuqua and Mur-ry both testified that they were employees of Aquatic, and that their boss was Aquatic’s superintendent. Their paychecks came from Aquatic. While Mobil employees evidently had some degree of control over Aquatic workers, there is simply not enough evidence to establish the link between Mobil and the plaintiffs that would justify imposing responsibility upon Mobil for the plaintiffs’ wages. Although the judgment was binding on Mobil, we reverse that part of the judgment, and we dismiss the claims against Mobil.
CONCLUSION
For the foregoing reasons as respects Maxey W. Murry, the judgment of the trial court against Aquatic is amended to reflect the sum of $873.52. The award of attor- *146 .ley’s fees, and the denial of penalties, are affirmed. All claims against Mobil are dismissed. The costs of both the trial court and the appellate court are assessed a,gainst Aquatic.
REVERSED IN PART; AFFIRMED IN PART, AS AMENDED.

. We believe that the proper spelling is Mobil, though suit was filed in the name of Mobile, and both spellings are used inconsistently throughout the record and in briefs. To be consistent we will refer to this defendant as Mobil.