BARRY, Judge.
Martiny Warehouse, Inc. and its insurer, Hanover Insurance Company, appeal a personal injury judgment and the denial of their motion for a new trial or remittitur. They specify as error the excessiveness of plaintiff John Savoy’s $114,000 award and the jury’s failure to find him comparatively negligent.
On February 5, 1986 Savoy was employed as a truck driver by Steve Thompson Trucking Company and was making a *885 pick-up at Martiny Warehouse. When Savoy went down the stairs from the dock he injured his knee and had surgery which was paid by Thompson’s compensation carrier, Liberty Mutual Insurance Company. Liberty Mutual also paid for a subsequent knee surgery months later. Savoy sued Martiny Warehouse based on negligence and strict liability, for pain and suffering, medical expenses and loss of income. Savoy’s wife, Myra, and his children, Elicia, John and Asia Marie are co-plaintiffs based on loss of consortium. Hanover Insurance, Thompson’s insurer, was added as a defendant. Liberty Mutual intervened to recover its compensation payments and medical expenses which were stipulated at $10,115.72.
The jury unanimously agreed that there was a defective condition in Martiny Warehouse’s building which created an unreasonable risk'of harm and caused Savoy’s injuries. The jury unanimously concluded that Savoy was not negligent and Martiny Warehouse was totally at fault.
The jury awarded Savoy $114,000, Myra Savoy $10,000, Asia Marie Savoy $1,000, and John Savoy, II $2,000. Elicia Savoy, who was eighteen years old, was excluded. The judgment awarded $114,000 to Savoy and $10,115.72 to Liberty Mutual by preference. The awards for loss of consortium (on the second page of the jury interrogatories) were inadvertently left out of the judgment.
Subsequently a stipulation was filed in which all the parties agreed that the judgment should be amended to award John Savoy $114,000, Liberty Mutual $10,115.72, Myra Savoy $10,000, Asia Marie Savoy $1,000, and John Savoy II $2,000. The stipulation declares: “IT IS FURTHER STIPULATED that these changes are being added so that the judgment will reflect the jury verdict which was the intent of the trial judge and which was, through unintentional error or mistake on the part of one of the staff members in the lower court, left out of the original Judgment.” The stipulation is signed by all counsel but not by the trial judge.
La.C.C.P. Art. 1951 allows an amendment to a final judgment in order to alter phraseology or correct calculations, but not to alter its substance. The addition of the consortium awards in the “Stipulation to Judgment” constitutes a substantive change and the proper solution is an application for a new trial or a timely appeal. Murry v. Aquatic Equipment & Engineering, 484 So.2d 143 (La.App. 3rd Cir.1986); Perrodin v. Southern Siding Company, Inc., 524 So.2d 885 (La.App. 3rd Cir.1988); Edwin M. Jones Oil Company, Inc. v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985).
Although a new trial motion or alternatively for remittitur was filed by the defendants and denied, it did not relate to the omissions in the judgment. The motion for appeal did not note the omissions.
In Villaume v. Villaume, 363 So.2d 448 (La.1978) the Supreme Court considered a substantive amendment and held that a motion for new trial or a timely appeal is not necessary when the parties consent to the change. The amended judgment in Villaume was signed prior to the lapse of the delay for taking an appeal. The court concluded the amended judgment had the same result as if the change had been effected at a new trial or on appeal.
This Stipulation to Judgment was filed August 9, 1988, more than five months after the order for suspensive appeal was signed. The thirty day suspensive appeal delay had lapsed and the jurisdiction of the trial court was divested under La.C.C.P. Art. 2088. The incorrect judgment was appealed along with the denial of the alternative motions. All appellate briefs had been filed prior to the stipulation.
However, there is no controversy as to what the jury actually awarded. The defendants signed the stipulation and also appealed the judgment. Therefore, this Court has the authority to change the substance of the original judgment in order to include the stipulation’s additions if the judgment is otherwise affirmed. See Daughdrill v. Tenneco Oil, 529 So.2d 104 (La.App. 4th Cir.1988).
*886 FACTUAL AND MEDICAL TESTIMONY
John Savoy testified that on Wednesday February 6, 1986 he was on his commercial route and made a pickup of boxes at Marti-ny Warehouse. He had been there 15 to 20 times before. Savoy backed his truck to the dock, used the stairway, and began loading the freight.. When it started to rain, Savoy remembered he left his billing papers on the seat of the truck with the window down and he started down the steps. His foot hit a metal plate protruding over the stairway, he stumbled and his leg twisted which caused him to fall against the truck. Savoy scratched his arm and felt pain in his knee.
Jack Ellis, Martiny Warehouse’s receiving clerk, was informed by Savoy that he was injured. Ellis saw Savoy was in pain, but he did not see the accident. Joseph Martin, another employee, also saw Savoy after the fall and was told that Savoy had been hurt.
Robert Mason, a truck driver at Steve Thompson Trucking in February, 1986, testified he was familiar with the Martiny Warehouse where he made 30 to 50 trips between 1982 and 1985. He identified nine photographs in evidence as accurate pictures of the dock which was in very poor condition due to broken boards. Mason said metal stripping was sticking up, steps were weak, there was no handrail, and plates were over cracked spots. He admitted that he and Savoy were friends.
William Atkins, another truck driver for Steve Thompson Trucking, also testified as to the loose boards and metal plates nailed down on top of holes. He noted that a piece of angle iron was sometimes up or nailed down. There was also a piece of railroad track sticking up from the ground. Atkins said he and Savoy were not friends.
Savoy said that after the accident he could not bend his leg until it popped back into place. He finished loading the freight and reported the injury to his operations manager. Savoy worked the rest of the week although his knee hurt and was swollen. He did not go to the doctor because there was no sick pay for missed work.
Around 4:00 a.m. Sunday, February 9, 1986 (four days later) he twisted his knee again when his foot got caught in bed covers. An hour later he went to Touro Hospital and saw Dr. Russell Grunsten.
Dr. Grunsten, an orthopedic surgeon, testified that he diagnosed a torn knee cartilage and recommended surgery which was successfully completed the next day, February 10. Savoy was discharged from the hospital February 12, 1986 and underwent physical therapy. By March 27, 1986 he had a full range of motion. Dr. Grunsten said Savoy could go to work on April 8 but he returned to work April 7, 1986.
On April 10, 1986 Dr. Grunsten opined that the knee was doing fine. However, Savoy’s left knee had fluid and joint irritation which was possibly caused by overuse during recuperation from surgery or from arthritic changes. Dr. Grunsten prescribed an anti-arthritic medication and told Savoy to rest. On April 17 the doctor felt Savoy could return to work.
Savoy testified he worked with difficulty from April to November, 1986. He could not drive a Bobcat and handle a commercial route, but union seniority allowed him to work nights and park tractor trailers. He no longer earned overtime and the knee continued to swell and hurt.
On November 12, 1986 Savoy saw Dr. Grunsten who found a synovial cyst on the knee and surgically removed it. The doctor attributed the cyst to a bump of the knee (Savoy had a history of hitting his knee). By December 16 Savoy had full motion and on December 23,1986 Dr. Grunsten okayed his return to work.
In April, 1987 Savoy started making long tractor trailer runs. On June 4, 1987 Dr. Grunsten saw Savoy because he had pain which the doctor felt was caused by arthritis and he prescribed naprosyn. On December 22, 1987 Savoy complained that his knee had swollen a couple of times. Dr. Grunsten found no fluid and there was a full range of motion.
Dr. Grunsten related the torn knee cartilage to Savoy’s accident that he had at Martiny Warehouse’s dock. He attributed *887 a 5-10% permanent partial disability to the extremity (thigh, knee, lower leg). Dr. Grunsten said Savoy would have a higher incidence of arthritic change in the knee and may require anti-arthritic medication, but he did not foresee further surgery. Dr. Grunsten did not relate the cyst removal to the twisting accident, but to a prior bumping of the knee. The doctor stated Savoy seldom used pain medicine because he had a tolerance for pain.
Savoy testified he never had a job problem prior to the accident. He claimed that after the accident he was harassed in the night parking job and tractor trailer driving job and he filed two job grievances with the union. He was working for Steve Thompson Trucking at the time of trial. He said he was not as active at home because of a fear the knee would be re-injured. He cannot play sports or with the children and sometimes sleeps with a heating pad. Savoy said his knee continues to hurt and has swelling.
Myra Savoy testified as to her husband’s reduced activity. She said she took the nine photographs introduced at trial. Eli-da Savoy testified about her father’s inability to do household chores and to play. His pay rate was shown on records produced by his manager, Raymond Barthe.
COMPARATIVE NEGLIGENCE
Appellants do not contest their liability, but argue that Savoy was comparatively negligent. They argue he admitted that he was hurrying in the rain to raise his truck window and was aware of the condition of the stairs and dock because of 15 to 20 prior trips to the warehouse.
Contributory or comparative negligence involves inadvertence or the unintentional failure to measure up to the proper standards of self-protection. It is conduct which falls below the standard to which a plaintiff should conform for his protection and involves an undue risk of harm to the person who sustains the injury. Restatement of Torts 2d, § 463, Comment b to § 463 (1965). The plaintiff is held to an objective standard and is required to have the knowledge, understanding and judgment of the standard reasonable man. Chatelain v. Project Square 221, 505 So.2d 177 (La.App. 4th Cir.1987), writs denied 508 So.2d 71, 74 (La.1987), citing Restatement of Torts 2d, § 496A, Comment d.
Comparative negligence is a failure to observe or to do something that a person should have observed or done if exercising ordinary care. A person is not required to exercise the utmost caution at every moment to avoid every hazard. Even the reasonable man is permitted an occasional lapse of memory. It is a question of fact to be determined in light of the circumstances of each case. Ruffo v. Schwegmann Brothers Giant Supermarkets, Inc., 424 So.2d 470 (La.App. 5th Cir.1982), quoting Soileau v. South Central Bell, 406 So.2d 182 (La.1981).
There was ample testimony by Robert Mason and William Atkins concerning the defective condition of the dock. Savoy admitted he was aware of the poor condition of the stairs. Atkins testified that sometimes the angle iron was not nailed down.
The reasonable man is not required to know the location of every loose board, each hole, or every raised obstacle when the custodian does nothing to correct the condition.
The jury believed Savoy exercised ordinary care in descending the steps. Under these circumstances we conclude the trier of fact was not manifestly erroneous or clearly wrong.
EXCESSIVE AWARD
Appellants argue the $114,000 award was excessive because the torn cartilage was successfully repaired by surgery and Savoy returned to work within two months with the use of pain medication. Dr. Grunsten testified that Savoy could tolerate a great deal of pain before requiring medication. Savoy said he took medicine only when necessary. He testified that he had pain at the time of trial (23 months after the accident) and the knee continued to swell.
*888 An appellate court should not disturb quantum unless the trial court abused its “much” discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
We are convinced that Savoy suffered a painful knee injury which required surgery and physical therapy. He had continued pain and swelling after recuperation, worked night shifts and lost overtime pay. Savoy’s work problems continue and he does not take part in sports or play with the children for fear of re-injuring his knee. His ability to do household chores has been affected.
The award does not reflect an abuse of discretion. The motion for a new trial or alternatively for remittitur was properly denied.
Pursuant to the parties’ stipulation the original judgment of January 14, 1988 is amended as follows:
CONSIDERING the verdict of the jury rendered herein, the law and evidence being in favor of the plaintiff;
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff John Otis Savoy, and against the defendants, Mar-tiny Warehouse, Inc. and Hanover Insurance Company, in the amount of One Hundred Fourteen Thousand ($114,-000.00) and No/100 dollars, together with legal interest from the date of judicial demand, and for all costs of these proceedings.
IT IS FURTHER ORDERED ADJUDGED AND DECREED that there be judgment herein in favor of the inter-venor, Liberty Mutual Insurance Company in the full sum of $10,115.72 dollars, together with legal interest from the filing of the petition of Intervention, and for its costs, which sums are to be deducted by preference and priority from the award to John Otis Savoy.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Myra Johnson Savoy, and against the defendants, Martiny Warehouse Inc. and Hanover Insurance Company, in the amount of $10,000.00 together with legal interest from the date of judicial demand. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Asia Marie Savoy and against Martiny Warehouse Inc. and Hanover Insurance Company in the amount of One Thousand (1,000.00) and No/100 Dollars, together with legal interest from the date of judicial demand.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, John Otis Savoy, II and against the defendants, Martiny Warehouse Inc. and Hanover Insurance Company, in the amount of Two Thousand ($2,000.00) and No/100 Dollars, together with legal interest from the date of judicial demand.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendants, Marti-ny Warehouse Inc. and Hanover Insurance Company, and against Elicia Denise Savoy rejecting her demands.
The judgment is affirmed as amended.
AFFIRMED AS AMENDED.