335 So.2d 798 (1976)
Joseph A. MICIOTTO et al., Plaintiffs-Appellants,
v.
James W. COX, Sr., et al., Defendants-Appellants.
No. 12941.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Patrick W. Looney, John M. Brown, Shreveport, for plaintiffs-appellants.
Richie & Kernaghan by Edward O. Kernaghan, Shreveport, for James Cox et al., defendants, third party plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King by Edwin L. Blewer, Jr., Loret J. Ross, Shreveport, for Kenny Kuperman, defendant, third party plaintiff-appellee.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Shreveport, for State Farm Mut. Auto. Ins. Co., and Wayne Curtis, defendants-appellees.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for KSLATV and Insurance Co. of North America, third party defendants-appellees.
*799 Simon, Carroll, Fitzgerald & Frazer by Richard A. Fraser, Jr., Shreveport, for KWKH Kennonwood, third party defendant-appellee.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
JONES, Judge.
Richard Miciotto was killed in an accident on July 8, 1973 while riding in a dune buggy driven by James Cox, Jr. The dune buggy collided with a car being driven by Kenny Kuperman. The parents of Richard Miciotto and his brothers and sister sued James Cox, Sr., individually and as administrator of the estate of his minor son, James Cox, Jr., James Cox, Jr., and Kenny Kuperman. The principal defendants filed numerous third party actions against various other parties, several of whom were dismissed prior to the trial on the merits.
After trial on the merits, judgment was rendered in favor of defendants rejecting the demands of plaintiffs. A judgment to that effect was signed on July 16, 1975. The part of that judgment dealing with the principal defendants reads as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein, rejecting the demands of Plaintiffs, and in favor of Defendants, James W. Cox, Sr. and Kenny Kuperman."
The remainder of that judgment dealt with the disposition of all third party demands, which, of course, were all rejected. According to the certificate on the judgment, notice of judgment was mailed to plaintiffs on July 18, 1975.
On September 3, 1975, an amended judgment was signed by the trial court pursuant to C.C.P. art. 1951. On its own motion, the court amended the original judgment with respect to the wording of the decrees disposing of two of the third party demands. The name of the insurer of one of the third party defendants was inserted in place of its insured and the name of an additional third party defendant who was apparently inadvertently omitted from the original judgment, was added. The decree disposing of the principal demands was repeated without change in the amended judgment. Notice of this judgment was mailed on September 5, 1975.
Orders of devolutive appeal were obtained by plaintiffs on November 21, 1975. Motions to dismiss the appeal as untimely have been filed by James Cox, Sr., individually and as administrator of the estate of his minor son, and Kenny Kuperman. We sustain the motions to dismiss the appeal.
Orders of devolutive appeal were obtained by defendants James W. Cox, Sr., individually and as administrator of the estate of James W. Cox, Jr., and James W. Cox, Jr. insofar as said trial court judgment dismissed their third party actions against State Farm Mutual Automobile Insurance Company and Wayne Curtis.
Code of Civil Procedure, Article 2083 defines those judgments that are appealable:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
Article 1951 of the Code of Civil Procedure provides for permissible amendments to judgments by the trial court.
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
The amendment made in the judgment signed on September 3, 1975 was, according to C.C.P. art. 1951, an amendment of the final judgment signed on July 16, 1975.
C.C.P. Art. 2087 provides the time delays for taking a devolutive appeal:
"Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security *800 therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
No motion for a new trial was filed by plaintiffs. The seven days for that application and the ninety days for perfecting a devolutive appeal elapsed before any action was taken by plaintiffs. Since the order of appeal was obtained and the appeal bond was filed after the applicable delays, the motions to dismiss the appeal must be sustained.
Having found that the appeal of plaintiffs on the principal demand is untimely and that we are without jurisdiction, we conclude that defendants' appeals with respect to the third party defendants must be dismissed.
For the foregoing reasons, the appeals are dismissed.