CULPEPPER, Judge.
MOTION TO DISMISS
Appellee, Louis G. Villaume, moves to dismiss the appeal of appellant, Christine R. Mahar, in the above consolidated cases. The motion is opposed.
We dismiss the appeal of Christine R. Mahar.
On December 20, 1976, Louis G. Villaume filed suit seeking the permanent care, custody and control of the two minor children of his former marriage to Christine R. Vill-aume.
On January 3, 1977, Christine R. Mahar (formerly Christine R. Villaume), filed a petition seeking recognition of a judgment by the Circuit Court of the County of St. Louis, State of Missouri, rendered October *1086 22, 1976, awarding Christine R. Mahar the permanent care, custody and control of the children.
The two suits were consolidated by the court for purpose of trial, and the trial on the merits was had on June 8, 1977. Written reasons rejecting the demands of Christine R. Mahar in both suits were rendered by Judge L. E. Hawsey, Jr., on July 11, 1977. Accordingly, the permanent care, custody and control of the two minor children were awarded to Louis G. Villaume.
On August 2, 1977, a consolidated final judgment was signed by the trial judge, and since the matter was taken under advisement upon conclusion of the trial, notice of the signing was mailed on August 3, 1977. Christine R. Mahar timely applied for a new trial, and the application for a new trial was denied orally in open court on August 15, 1977. Counsel for both parties were present.
Subsequent to the denial of the new trial, an error in the wording of the final judgment signed on August 2, 1977 was discovered, and on “Joint Motion” of counsel for both parties, the judgment was amended. The amended judgment was signed on August 29, 1977. Notice of the signing of the amended judgment was sent on August 30, 1977.
On October 11,1977, a petition and order for appeal in both causes were presented to the trial judge for signature. The trial judge refused to sign the order on the grounds that the delays for taking an appeal in both suits had expired.
On October 28, 1977, we denied Christine R. Mahar’s application for supervisory writs. Subsequently, writs were taken to the Louisiana Supreme Court. On November 14, 1977, 351 So.2d 1210, that court issued the following order:
“Writ granted. District Court ordered to grant appeal in this case.”
Pursuant to this order, Judge L. E. Haw-sey signed an appeal order on November 15, 1977.
LSA-C.C.P. arts. 3942 and 3943 establish that an “appeal from a judgment awarding custody of a person” can only be taken within thirty days from the applicable date provided in LSA-C.C.P. art. 2087(l)-{3).
Since no written request for notice of the judgment refusing a new trial was filed, under LSA-C.C.P. art. 2087(2), the appeal must be taken within 30 days after the court’s refusal to grant a timely application for a new trial. Thus, the appeal must have been perfected within 30 days after August 15, 1977. Since appellant did not perfect her appeal until October 11, 1977, it is untimely.
Appellant argues that because the judgment was amended the delays begin to “run again” from the date notice was sent of the signing of the amended judgment.
We disagree. In accordance with LSA-C.C.P. art. 1951, the amendment merely corrected the phraseology of the final judgment so as to accurately reflect the written reasons of the trial judge which provided that the visitation rights of Christine R. Mahar shall be “every other month” instead of “each and every month” as was erroneously stated in the judgment prepared by counsel and signed on August 2, 1977. The time delay for taking an appeal from a final judgment is not affected by a judgment amended in accordance with LSA-C. C.P. art. 1951. Miciotto v. Cox, 335 So.2d 798 (La.App. 2 Cir. 1976). However, even if we assumed, for the sake of argument, that the amended judgment effected a “change in substance,” the appeal would still be untimely for the reason that a trial court cannot modify its previous judgment as to substance unless it grants a limited or unlimited new trial. Rachal v. United States Fidelity and Guaranty Company, 286 So.2d 147 (La.App. 3 Cir. 1973). Under this analysis, since the motion for a new trial was denied, the original judgment would be the only judgment from which an appeal could be taken.
Alternatively, appellant argues that her appeal from the judgment denying recognition of the Missouri judgment awarding her custody is still timely.
*1087 The argument is without efficacy. We are of the opinion that a Louisiana judgment denying recognition of of an out of state custody award is, in effect, a Louisiana judgment denying custody. In Malone v. Malone, 265 So.2d 255 and 258 (La. App. 1 Cir. 1972), affirmed at 282 So.2d 119 (La.1973), our Supreme Court, in affirming a judgment of the First Circuit Court of Appeal, stated:
“Therefore, we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. 3943.”
Thus, under C.C.P. art. 3943, the appeal from the judgment denying recognition of the Missouri custody award is also untimely. In view of our decision, we need not consider appellee’s alternative request to remand this matter to receive evidence of a decision rendered by the Missouri Court of Appeal reversing the Missouri trial court judgment sought to be recognized by appellant.
For the reasons assigned, the appeal of Christine R. Mahar in the above consolidated suits is dismissed at her cost.
APPEAL DISMISSED.