363 So.2d 448 (1978)
Louis G. VILLAUME
v.
Christine R. VILLAUME.
Christine R. MAHAR
v.
Louis G. VILLAUME.
No. 61801.
Supreme Court of Louisiana.
October 9, 1978.
*449 Stephen A. Berniard, Jr., Raggio, Farrar, Cappel & Chozen, Lake Charles, for Christine R. Mahar.
Michael K. Dees, McHale, Bufkin & Dees, Lake Charles, for Louis G. Villaume.
MARCUS, Justice.
Louis G. Villaume filed suit for the permanent custody of the two minor children of his former marriage to Christine R. Mahar.[1] Thereafter, Mrs. Mahar filed a separate suit seeking recognition of a prior Missouri judgment awarding her permanent custody of the children. The two cases were consolidated for trial. After hearing, the matter was taken under advisement. On August 2, 1977, a single judgment was signed awarding permanent custody of the minor children to Mr. Villaume and dismissing Mrs. Mahar's suit with prejudice. A timely application for new trial was denied on August 15, 1977.
Subsequent to the denial of a new trial, an error was discovered in the original judgment. The judgment provided, contrary to the written reasons assigned by the trial judge, that Mrs. Mahar was to be accorded visitation rights on the last full weekend of each and every month. Consequently, on a joint motion of both parties, allegedly filed pursuant to La.Code Civ.P. art. 1951, to amend the judgment "to provide the proper phraseology in the judgment as is set out in the Court's written reasons," the trial judge signed a new judgment on August 26, 1977, prior to the lapse of the delay period for taking an appeal.[2] This new judgment contained the exact provisions of the previous judgment except as amended to award Mrs. Mahar visitation rights on the last full weekend of every other month plus the stipulation that the "provisions of the amended judgment shall control and supersede any provision contained in the original judgment." Notice of the new judgment was mailed to the parties on August 30, pursuant to La.Code Civ.P. art. 1913.
On October 11, 1977, the trial judge denied Mrs. Mahar's request for an appeal for the reason that the delay for taking an appeal had expired. Mrs. Mahar's application to the court of appeal under its supervisory jurisdiction for a writ to review the ruling of the trial judge was denied.[3] Mrs. Mahar then applied to this court for a writ under our supervisory jurisdiction. A writ was granted in which we ordered the trial court to grant the appeal.[4] Mr. Villaume did not apply for rehearing. Pursuant to said order, the trial judge granted an appeal to Mrs. Mahar.
On Mr. Villaume's motion, the court of appeal dismissed Mrs. Mahar's appeal on the ground that it was not timely taken.[5] On Mrs. Mahar's application to this court, we granted a writ to review the correctness of this decision.[6]
The sole issue presented for our review is whether Mrs. Mahar's appeal was taken *450 timely. This in turn depends on when the delay period for taking the appeal commenced to run.
The applicable law provides that an appeal from a judgment awarding custody of a child can be taken only within thirty days from the expiration of the delay for applying for a new trial if no application has been filed timely. La.Code Civ.P. arts. 3942, 3943 and 2087(1). The delay for applying for a new trial is seven days exclusive of legal holidays. This delay commences to run on the day after the judgment is signed; except that when notice is required, it commences to run on the day after such notice has been mailed. La.Code Civ.P. art. 1974. Finally, La.Code Civ.P. art. 5059 provides that in computing a period of time allowed or prescribed by law, the last day of the period is included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
Applying this law to the facts herein, it is clear that Mrs. Mahar's appeal was untimely taken unless we conclude that the delay for taking the appeal commenced to run anew from the date of the amended judgment. In that event, since notice of the amended judgment was mailed on August 30, the delay for applying for a new trial would have begun to run on August 31. La.Code Civ.P. art. 1974. Excluding legal holidays (Saturday, September 3; Sunday, September 4; and Monday, September 5 Labor Day), the seven-day delay for a new trial ended on September 9. Hence, the thirty-day delay for taking an appeal would have commenced on September 10 and expired on Sunday, October 9. La.Code Civ.P. arts. 3942, 3943. Since both that day and the next day (October 10 Columbus Day) were legal holidays, the delay period would have extended through October 11. La. Code Civ.P. art. 5059.
Thus, if we conclude that the delay for taking this appeal commenced to run from the date of the amended judgment, then Mrs. Mahar's appeal was timely taken.
La.Code Civ.P. art. 1951 provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. See Baptiste v. Southall, 157 La. 333, 102 So. 420 (1924); Glen Falls Indemnity Co. v. Manning, 168 So. 787 (La.App.Orl.1936), cited in La.Code Civ.P. art. 1951 Official Revision Comments (b).
The joint motion filed by the parties herein declares that the amendment merely conforms the judgment to the court's written reasons, and thus is a change in phraseology only. This characterization of the amendment is not binding on this court. In Hebert v. Hebert, 351 So.2d 1199 (La.1977), the court of appeal had held that only the phraseology of the original judgment had been changed because the amendment merely expressed the trial judge's actual intention as evidenced by his oral remarks at the conclusion of the hearing. In reversing that court, we noted:
[T]he notion that the substance of the judge's oral remarks should govern instead of the substance of the written judgment could not have been the legislative intent because it would destroy the integrity of written judgments as evidence and public record of the court's decree.
We believe that this reasoning applies with equal force to the instant case. See also State ex rel. Vignes v. Judge Civil District Court, 43 La.Ann. 1169, 10 So. 294 (1891).
The amendment at issue directly affected the rights of the parties. According to the original judgment, Mrs. Mahar was to have visitation rights on the last weekend of each month; whereas, the amended judgment granted her visitation rights on the last weekend of every other month. Therefore, the amendment of the original judgment clearly constituted a substantive alteration of the original judgment in contravention of La.Code Civ.P. art. 1951. As a general rule, a final judgment is *451 not subject to substantive amendment by the trial judge on his motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or a timely appeal. Hebert v. Hebert, supra
In the instant case, there was no necessity for either of these alternatives because both parties consented to the substantive amendment to the original judgment. Pursuant thereto, an amended judgment was signed prior to the lapse of the delay provided for taking an appeal. Moreover, the amended judgment expressly stipulated that "the provisions of the amended judgment shall control and supersede any provision contained in the original judgment." Accordingly, the amended judgment accomplished the same result as would have been obtained had the substantive change been effected at a new trial or on appeal except that it had the further effect of creating a new final judgment from which the delay period for taking an appeal commenced to run anew.
Mr. Villaume cites Miciotto v. Cox, 335 So.2d 798 (La.App. 2d Cir. 1976) as authority for the contrary proposition. This case is distinguishable on its facts in that the trial judge in that case amended the judgment on his own motion pursuant to La.Code Civ.P. art. 1951. In the instant case, the original judgment was substantively amended with the consent of the parties, thereby creating a new final judgment from which the delay for taking an appeal commenced to run anew.
In sum, since the appeal delay began to run from the date of the new judgment, Mrs. Mahar's appeal was timely taken.

DECREE
For the reasons assigned, the judgment of the court of appeal dismissing Christine R. Mahar's appeal is reversed and the case is remanded to the court of appeal for further proceedings in accordance with the views herein expressed. Costs of the proceedings in this court are assessed against Louis G. Villaume; the assessment of the remaining costs are to await the final outcome of the litigation.
NOTES
[1] The parties were previously divorced in California where they resided at the time. Mr. Villaume has moved to Lake Charles, Louisiana. Christine R. Villaume has remarried Paul Mahar. Their marriage took place in Missouri where they resided at the time of trial.
[2] The joint motion was not dated. While the record reflects that it was not filed with the clerk of court until September 16, 1977, it is obvious that it was signed and presented to the trial judge prior to the signing of the amended judgment on August 26, 1977. This conclusion is confirmed in the opposition filed by Mr. Villaume's counsel to Mrs. Mahar's application for writs to this court in which it is stated that "[s]ubsequent to the denial of the new trial, an error in the wording of the judgment signed on August 2, 1977 was discovered and on `Joint Motion' of counsel for Christine R. Mahar and Louis G. Villaume, the judgment was amended."
[3] 355 So.2d 1084 (La.App. 3d Cir. 1978).
[4] 356 So.2d 1387 (La.1978).
[5] 355 So.2d 1084 (La.App. 3d Cir. 1978).
[6] 356 So.2d 1387 (La.1978).