MOTION TO DISMISS
STOKER, Judge.
This court has, ex proprio motu, issued a rule to show cause why this appeal filed August 13, 1980, should not be dismissed as untimely. The rule has been answered by the intervenor-appellant Nellie Pearson. We dismiss the appeal.
On December 30, 1979, the plaintiffs, Eugene C. Goodwin and Mary Joe Ireland Goodwin, filed suit for change of tutorship and custody of Sheri Renee Gulledge. The appellant, Nellie Pearson, intervened, also seeking the tutorship and custody of the child. Subsequently, the intervenor-appel-lant served interrogatories on the plaintiffs which were not answered. The intervenor-appellant then filed a rule to compel discovery and requested attorney fees pursuant to LSA-C.C.P. art. 1469. The plaintiffs opposed the rule, contending the rule was filed without substantial justification and also requested reasonable attorney fees pursuant to LSA-C.C.P. art. 1469(4).
On May 6, 1980, judgment was rendered, dismissing the rule to compel answers to the interrogatories and awarding the plaintiffs $400 in attorney fees for opposing the rule. No motion for new trial was filed. The judgment was rendered in open court with both parties represented, therefore no notice of judgment was required by LSA-C. C.P. art. 1913. The original judgment, which was signed on May 7,1980, contained a typographical error, in that the wrong suit number was placed on it.
On July 9, 1980, counsel for plaintiffs presented the trial judge with a motion and order seeking an amended judgment. The trial judge granted the motion and signed a judgment on that same day. In format, the new judgment is not an amended judgment inasmuch as it reads exactly like the first judgment. In examining the record we note that the first judgment was filed in the proper record and bears a stamp with a signature indicating the time of filing in the clerk of court’s office. The stamp and signature read as follows:
Docket No. 16468
Filed:
May 7, 8:44 AM ’80
s/ Nella Ganev Clerk of Court
At some time someone struck an ink line through the typewritten incorrect docket number which appears on this original judgment and wrote the correct number above it. Hence, insofar as the record is concerned, the first judgment was actually filed in the correct record on the same day that it was signed and as corrected bears the proper docket number.
Under the circumstances related above we regard the second judgment as superflu *885 ous. The delays for applying for an appeal began to run on May 7, 1980. If the delay allowed for an appeal in this case is 60 days, the maximum allowed under any circumstances, the appeal filed August 13, 1980, was not timely.
Appellant contends that the original judgment was amended by the second judgment and that he had 60 days from July 9, 1980, within which to appeal. Theorizing that the judgment was amended, appellant contends that the delays began to run anew from the date of the amended judgment. Assuming that appellant is correct and that the second judgment of July 9,1980, was an amended judgment, what then would be the effect of the amended judgment in this case?
The issue presented by such an assumption is: Did the delay for the taking of an appeal begin to run from the date of the original judgment or from the date of the amended judgment? It is clear that this appeal is untimely if the delay began to run from the date of the original judgment, otherwise the appeal is timely.
The trial court may amend a final judgment at any time to correct typographical errors. LSA-C.C.P. art. 1951. The only way the amended judgment differed from the original judgment was that the suit number was changed. Therefore, the amendment did not effect a change in substance of the judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). The time delay for taking an appeal from a final judgment is not affected by a judgment amended in accordance with LSA-C.C.P. art. 1951. Miciotto v. Cox, 335 So.2d 798 (La.App. 2nd Cir. 1976).
We hold that for either of two reasons the time delay for taking an appeal in this matter commenced to run from the date of the original judgment, May 7, 1980. The first reason is that in our opinion the original judgment signed on May 7, 1980, required no amendment as the handwritten correction of the docket number was sufficient. Also, the second judgment was not in fact an amended judgment in format or form. The second reason is that, even if an amended judgment is involved, the amendment related back to the date of signing of the first judgment. The amendment merely corrected a mistake or typographical error and did not affect the substance of the judgment.
For the reasons assigned, the appeal of Nellie Pearson is dismissed at her cost.
APPEAL DISMISSED.