SAVOIE, Judge.
ON RULE TO SHOW CAUSE
This matter arises out of a Show Cause Order issued by this Court, ex proprio motu, ordering Wilbur C. Lewis to show cause why the appeal should not be dismissed. The reason for the dismissal is that the appeal was not timely filed.
The question here is whether an obvious clerical error in the date on a judgment will have the effect of voiding that judgment so that delays for taking an appeal therefrom do not begin to run until the error has been corrected.
A final judgment was signed in this case on September 14, 1981, but the document was erroneously dated September 14, 1980.. Appellant filed a “Motion to Correct Judgment” to reflect the correct date, and this was signed by the trial judge on October 8, 1981. An appeal was filed on December 10, 1981, which would be timely if the 60-day delay provided for by Code of Civil Procedure Article 2087 is counted from October 8, 1981, but which is fatally late if counted from September 14, 1981, when the original judgment was signed.
Appellant argues that, on the face of it, delays for taking an appeal from the original judgment had already expired months before he received notice of it, so that he could not file his appeal until he had had the judgment amended to show its correct date.
In Goodwin v. Gulledge, 391 So.2d 883 (La.App. 3rd Cir. 1980), it was held that an amendment of a judgment to show the correct docket number corrected a mere clerical error and related back to the time of filing the original judgment so that, in a situation very similar to this one, the delays for appeal had run and the appeal was dismissed.
In Villaume v. Villaume, 363 So.2d 448 (La.1978), a child custody judgment giving visitation rights at the end of every month was altered, by consent of the parties, to reflect the judge’s intent, expressed orally from the bench, to give visitation at the end of every other month. It was held that this was a substantive change and delays, therefore, ran from the date of the amendment.
In Miciotto v. Cox, 335 So.2d 798 (La.App. 2nd Cir. 1976), a judgment was amended substituting the name of an insurance company for the words “its insured” and adding the name of an additional third party defendant inadvertently omitted from the earlier judgment. Delays were held to run from the date of the first judgment and a late appeal was dismissed.
Here, the amendment, changing only the year of judgment, was not substantive and, therefore, the original judgment is good. See, especially, the very old case of Lewis v. Worrell, 1 Gunby’s Dec. 99 (2nd Cir. 1885), which held:
“Where there is an obvious clerical error in writing a judgment, such as putting “1813” for “1873”, such error would not avoid such judgment but may be corrected by reference to the pleadings or any part of the record.”
The correction of an obvious clerical error, the year of judgment, is not a substantive change. The date of judgment is September 14, 1981. The appeal was not timely filed and is, therefore, dismissed.
Appellant is to pay all costs.
DISMISSED.