469 So.2d 357 (1985)
EDWIN M. JONES OIL COMPANY, INC., Plaintiff-Appellant,
v.
Robertine Rhymes COBB, et al., Defendants-Appellees.
No. 16968-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
*358 Johnson & Johnson by Neal G. Johnson, Monroe, for plaintiff-appellant.
Coenen, Berry & Bruyninckx by Theo J. Coenen, III, Rayville, for defendants-appellees.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
SEXTON, Judge.
Plaintiff-relator, Edwin M. Jones Oil Company, suspensively appeals a trial court judgment amending a previous judgment granting plaintiff landowner a right of ingress and egress over defendant's property, and apportioning maintenance cost of the roadway fifteen percent to plaintiff and eighty-five percent to defendant. We reverse the amended judgment of the trial court for the reasons that follow.
Plaintiff is the owner of an enclosed estate consisting of some 77 acres. Suit was instituted to establish a right of way over defendant's property. The parties stipulated that the plaintiff was entitled to a servitude as a matter of law. The case progressed to trial with the location of the servitude and the compensation due to the defendants as the only questions. Thereafter, a judgment was rendered on February 24, 1983 establishing a right of ingress and egress in favor of plaintiff over defendant's property. The judgment further ordered that "... any repairs, upkeep, maintenance or improvements to the roadway that now exists will be shared jointly by Plaintiff and Defendant in the proportion of 15 percent to Plaintiff and 85 percent to Defendant." On August 30, 1983, defendant-respondent applied for a partial new trial. The motion was denied on February 6, 1984.
Subsequently, defendant-respondent filed a "Rule to Clarify Judgment" on August 22, 1984. In response to the filing of this rule, the trial court issued an ex parte amended judgment ordering that the defendants shall only be responsible for blade work and bushhogging work on the road and shall not be responsible for any building expense on the road. The amended judgment further decreed that it was the court's intent that the road should remain a turn row type dirt road. Following the issuance of this amended judgment, plaintiff appeals.
The pivotal legal issue involved in a resolution of this case is whether or not the amended judgment affected a substantive change of the original judgment.
Louisiana Code of Civil Procedure Article 1951 provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his motion or motion of any party. In such an event, the proper recourse is the timely application for new trial or a timely appeal. Villaume, supra; Hebert v. Hebert, 351 So.2d 1199 (La.1977). When an amendment of the substance of a judgment is made without granting a new trial, the amended judgment has been held to be invalid or null and not within the purview of LSA-C.C.P. Art. 1951. See Caldwell v. Shipp, 441 So.2d 808 (La.App. 2d Cir.1983), and the citations contained therein.
Clearly, the amendment at issue directly affected the rights of the parties. According to the original judgment, plaintiff *359 was responsible for fifteen percent and defendant eighty-five percent of the repairs, upkeep, maintenance, or improvements to the roadway. Under the terms of the new amended judgment, defendant was only responsible for blade work and bushhogging work on the right of way. By either limiting or adding to the amount of maintenance work allocated to the defendant, the amendment of the original judgment constituted a substantive alteration of that judgment in contravention of LSA-C.C.P. Art. 1951.
Accordingly, the amended judgment of the trial court is reversed and vacated. Costs of this appeal are assessed to appellees.
REVERSED.