609 So.2d 1209 (1992)
F.H. McLEMORE and Erma McLemore, Plaintiffs,
v.
Stuart G. FOX, et al., Defendants,
Marlin Drilling Company, Defendant-Appellee,
Travelers Insurance Company, Defendant-Appellant.
No. 91-1141.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
*1210 Russell T. Tritico, Lake Charles, for plaintiff-appellee.
James E. Williams, Lake Charles, for defendant-appellant.
John M. Landis, Mark B. Holton, New Orleans, for defendant-appelleeFox.
Hunter W. Lundy, Lake Charles, for defendant-appelleeMarlin Drilling.
Jeanne Sievert, Lake Charles, for defendant-appelleeState Farm.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
The issue presented by this appeal is whether the trial court erred in substantively amending an order of dismissal after the delays for a new trial and an appeal had expired. Because we find the parties to the order agreed to the amendment, we find no error in the trial court's action and affirm.
The facts of this case are fully discussed in an earlier opinion of this court, McLemore v. Fox, 565 So.2d 1031 (La.App. 3d Cir.1990), writs denied, 569 So.2d 966, 968 (La.1990), but for the sake of convenience, we will summarize them here. The plaintiff, F.H. McLemore, an employee of Marlin Drilling Company, was seriously injured in an automobile accident caused by the negligence of an underinsured motorist, Stuart Fox. At the time of the accident, McLemore was driving a vehicle that was leased by his employer with uninsured motorist coverage issued by Travelers Insurance Company. The liability of Fox was stipulated, and the disputed issues were the amount of uninsured motorist coverage available under Travelers' policy and the amount of the plaintiff's damages. Because the plaintiff was a seaman, also at issue was his claim for maintenance and cure.
On November 20, 1988, after a bench trial, the court rendered judgment in favor of McLemore and his wife, finding that the Travelers' policy provided uninsured motorist limits equal to its liability limits of $2,000,000, and awarding McLemore $150,000 in general damages. In our previous opinion, this court affirmed that trial court judgment and amended it to increase McLemore's general damages to $300,000. See McLemore v. Fox, supra. The issues of insurance coverage and damages are no longer before this court.
The trial court judgment of November 20, 1988 also provided that the obligation for McLemore's maintenance and cure was owed primarily by Travelers and only secondarily by the plaintiff's employer, Marlin Drilling. This present appeal arises out of the plaintiff's release of Marlin Drilling from its ongoing obligation for maintenance payments.
In February of 1990, McLemore released Marlin Drilling from his maintenance claim in exchange for his employer's agreement to pay all reasonable medical expenses related to his accident. The order of dismissal, however, which was signed on February 26, 1990, stated that McLemore's claims for *1211 maintenance, cure, penalties and attorney's fees against Marlin Drilling were dismissed with prejudice. On July 23, 1991, McLemore and Marlin Drilling filed a joint motion to amend the order of dismissal to delete the word "cure" from the judgment. The trial court granted the relief requested, signing an amended judgment on July 23, 1991. On August 28, 1991, Travelers Insurance Company, which was not a party to the order of dismissal, filed a suspensive appeal, contending that the trial court improperly amended the judgment.
La.C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
A judgment may be amended by the trial court where the amendment takes nothing from or adds to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La. 1978). To alter the substance of a judgment, the proper recourse is the timely application for a new trial or a timely appeal. Hebert v. Hebert, 351 So.2d 1199 (La.1977).
The Villaume case also recognized that there is no necessity for either an application for a new trial or an appeal where both parties consented to the change in the original judgment.
The deletion of the word "cure" in the original order of dismissal was clearly a substantive change, even though the evidence suggests its inclusion in the order was only through a clerical mistake. Article 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention. See Hebert, supra. However, the Supreme Court in Villaume permitted such an amendment where the parties to the judgment agreed to the amendment.
We find the reasoning in Villaume applicable to the instant case. Although the agreement and the amended judgment in Villaume were entered into within the delay for an appeal, we do not find that fact pertinent to the circumstances presented herein.
McLemore and Marlin Drilling filed a joint motion to amend the judgment to conform to the release that they had executed prior to the entry of the first order of dismissal. Travelers, appellant herein, was not a party to either the release or the dismissal. There is no evidence in the record that McLemore has ever released Travelers from its obligation as the party primarily responsible for McLemore's maintenance and cure payments. Furthermore, Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868 (1963), indicates that the release of a secondarily liable party does not affect the primary party's liability. In the present case, the trial court held that the obligation for McLemore's maintenance and cure was owed primarily by Travelers and only secondarily by Marlin. Thus, the release between McLemore and Marlin did not affect Travelers, which is primarily liable for cure. Considering the above, we find no error in the trial court's entry of the amended judgment.
Marlin Drilling answered the appeal, seeking sanctions against Travelers under La.C.C.P. art. 863. Although we have determined that Travelers' appeal has no merit, the record does not support the imposition of sanctions in this case.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant Travelers Insurance Company.
AFFIRMED.