796 So.2d 712 (2001)
Pamela Plante METHVIN and A. Lamar Methvin, Individually and as Husband and Wife, Plaintiffs-Appellees,
v.
Alvin Ray FERGUSON, Allstate Insurance Company and State Farm Mutual Automobile Insurance Company, Defendants-Appellants.
No. 35,138-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*714 Casten & Pearce by Alan T. Seabaugh, Shreveport, Counsel for Appellant, State Farm Mutual Automobile Insurance Company.
Law Offices of Jack M. Bailey, Jr. by J. Allen Cooper, Jr., Shreveport, Counsel for Appellees, Pamela Plante Methvin & Lamar Methvin.
Bruce A. Bannon, Shreveport, Counsel for Appellee, Allstate Insurance Company.
Before WILLIAMS, PEATROSS & DREW, JJ.
PEATROSS, J.
This appeal arises out of a personal injury suit following an automobile accident on Jewella Avenue in Shreveport. Plaintiffs, Pamela Plante Methvin, vehicle was rearended by a vehicle driven by Defendant, Alvin Ray Ferguson. Mrs. Methvin was injured and she and her husband sued Mr. Ferguson and his insurer, Allstate Insurance Company ("Allstate"). Allstate's policy limit was $10,000 per person; therefore, the Methvins also named as a defendant Mrs. Methvin's uninsured/underinsured carrier, State Farm Mutual Automotive Insurance Company ("State Farm"). State Farm filed a cross-claim against Mr. Ferguson and Allstate for medical expenses it had already paid on behalf of Mrs. Methvin.
The parties stipulated that Mr. Ferguson was 100 percent at fault in the accident; therefore, the only issues for trial were damages and quantum. After a bench trial, on July 25, 2000, the trial court rendered judgment in favor of Mrs. Methvin and against Allstate in the amount of $7,061, plus legal interest, and in favor of State Farm in the amount of $2,939, plus legal interest. Judgment was also rendered in favor of Mrs. Methvin and against *715 State Farm in the amount of $13,670.67, plus legal interest and court costs, and in favor of Mr. Methvin and against Allstate (consortium claim) in the amount of $4,000, plus legal interest and court costs. State Farm appeals. For the reasons stated herein, the judgment of the trial court is affirmed.

PROCEDURAL BACKGROUND
The following post-trial proceedings in this case are relevant to this appeal. On August 3, 2000, Allstate filed a Motion for New Trial or Alternative Motion to Amend the Judgment. The basis for Allstate's motion was that the original judgment cast Allstate with an amount in excess of its $10,000 policy limit. The excess judgment cast against Allstate is found in Mr. Methvin's $4,000 award for loss of consortium, which should have been cast against State Farm as the underinsurer of Mrs. Methvin. There was no supporting memorandum, however, and the motion was not served on any party and was not set for argument; therefore, State Farm questioned whether the motion was properly filed and proceeded to file its petition for appeal on August 24, 2000. Further, since no order for setting a hearing was filed with Allstate's motion for new trial, the trial court set a return date of October 23, 2000, for the appeal taken by State Farm. On September 29, 2000, however, Allstate presented an ex parte order requesting that the Motion for New Trial or Alternative Motion to Amend the Judgment be set for hearing. The trial court set the motion for hearing on October 16, 2000; however, the case was not docketed for hearing or submission.
Meanwhile, State Farm's appeal was lodged with this court and the Methvins filed (with this court) a motion to remand the proceedings because Allstate's Motion for New Trial or Alternative Motion to Amend the Judgment was still pending making the appeal premature. On December 7, 2000, a panel of this court agreed and dismissed the appeal as premature due to the outstanding motion for new trial. On January 24, 2001, the trial court entered judgment denying Allstate's Motion for New Trial or Alternative Motion to Amend the Judgment. Counsel for State Farm claims that he never received a copy of this judgment; and, because he was unaware of the denial of the Motion for New Trial or Alternative Motion for Amended Judgment, on January 29, 2001, he presented to the trial court an Amended Judgment, prepared by him and approved by all parties. The Amended Judgment redistributes the award between the defendants, casting State Farm, instead of Allstate, with the $4,000 loss of consortium award. State Farm then filed an appeal from the Amended Judgment. According to State Farm's counsel, he did not become aware of the denial of Allstate's Motion for New Trial or Alternative Motion for Amended Judgment until he was preparing the appeal from the January 29, 2001 Amended Judgment.
The judgment from which the instant appeal was taken, therefore, is the Amended Judgment of January 29, 2001. On May 3, 2001, however, this court entered an order instructing the parties to address the validity of the Amended Judgment and, in the event the Amended Judgment is found to be invalid, whether this appeal should be treated by this court as one from the original judgment. In this regard, we note that the Methvins answered the first appeal (from the original, incorrect judgment) seeking a $4,000 increase in the general damage award against State Farm in the event the amended judgment was found to be invalid and the appeal treated as an appeal from the original judgment. The Methvins reassert this issue in the present appeal in the event this court finds *716 the Amended Judgment to be invalid and considers this appeal as one from the original judgment.

FACTSDAMAGES AND QUANTUM
As previously stated, Mr. Ferguson's vehicle rear-ended Mrs. Methvin's vehicle and the parties stipulated fault. On June 22, 1998, Mrs. Methvin was stopped in a turning lane when Mr. Ferguson hit her vehicle. The force of the collision propelled her vehicle into the vehicle in front of her and she was knocked unconscious. After regaining consciousness, Mrs. Methvin complained of neck pain, head pain, shoulder problems and nausea. She refused medical treatment at the scene and did not feel it necessary to be transported to the hospital for emergency treatment; however, several days after the accident, Mrs. Methvin sought chiropractic treatment for her injuries from Dr. Kenneth Wojcik. Mrs. Methvin had never suffered any trauma to, or had any problems with, her head, neck or shoulder prior to this accident. She saw Dr. Wojcik for approximately two weeks before she was involved in a second accident. On July 5, 1998, Mrs. Methvin had an incident in the bathroom stall of a McDonald's restaurant when she slid off of a broken toilet seat and fell into the wall, hitting the toilet paper dispenser. The dispute in this case centers around whether this second accident exacerbated her existing injuries and/or created new injuries for which the trial court incorrectly awarded her damages.
After the McDonald's incident, Mrs. Methvin continued treatment with Dr. Wojcik, who referred her to Dr. Lewis Jones, an orthopedic surgeon, whom she saw on one occasion, and Dr. Anil Nanda, a neurosurgeon, whom she saw on three occasions. Dr. Wojcik testified at trial and Drs. Jones' and Nanda's reports were introduced in lieu of their testimony. Mrs. Methvin also underwent a "dynamic motion x-ray" on September 26, 1998, the results of which were introduced at trial. The x-ray showed some ligamentous damage and instability of Mrs. Methvin's neck. Since the x-ray was done several months after each of the accidents, Dr. Wojcik testified that he could not relate the ligamentous damage specifically to one of the two accidents. Ultimately, the trial court concluded that the McDonald's incident exacerbated Mrs. Methvin's injuries sustained in the automobile accident, but for only a three-week period. Based on this conclusion, the trial court awarded Mrs. Methvin the entirety of the special damages sought by her and $18,000 in general damages.

DISCUSSION

Validity of the Amended Judgment
As previously stated, this court ordered the parties to address the issues of the validity of the Amended Judgment in light of La. C.C.P. art. 1951 and whether this appeal should be treated as from the original judgment if the Amended Judgment is found to be invalid. Both parties to this appeal argue that the Amended Judgment is valid and we agree.
La. C.C.P. art. 1951, Amendment of Judgment, states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) to alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
A judgment, therefore, may be amended by the trial court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Perrodin v. *717 Southern Siding Company, Inc., 524 So.2d 885 (La.App. 3d Cir.1988). In order to substantively change a judgment, however, the proper procedure is to file a motion for new trial. Villaume, supra. Substantive changes made without granting a new trial are invalid. Villaume, supra; Edwin M. Jones Oil Company, Inc. v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985).
In the case sub judice, however, we find it unnecessary to determine the nature of the amendment to the original judgment because all parties consented to the amendment. In Villaume, supra, our supreme court held that an amendment to a judgment, even if substantive in nature, will be upheld if all parties consented thereto. In such cases, the amended judgment accomplishes the same result as would be reached if the parties were required to seek a new trial or if the change was effected on appeal. In fact, we note that the Amended Judgment in this case was prepared by counsel for State Farm, the party that would now bear the $4,000 award for Mr. Methvin's loss of consortium. In summary, since all parties consented to the amendment, we conclude that the Amended Judgment of January 29, 2001, is valid and, therefore, is the judgment before us on appeal. With this finding, the issue raised by the Methvins in answer to the first appeal (a request for an increase in the judgment against State Farm due to the mistake in the original judgment) is moot. We will now address the merits of the appeal.

Damages/Quantum
State Farm contends that the Mc-Donald's incident exacerbated Mrs. Methvin's injuries and created new injuries for which it should not be liable. According to State Farm, Mrs. Methvin failed to meet her burden of proof regarding the causal relationship between the injuries sustained and the accident which caused the injury. State Farm argues, therefore, that it was error for the trial court to relate all of Mrs. Methvin's medical expenses and general damage award to the automobile accident. We disagree.
In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the accident and the complained-of injuries. American Motorist Insurance Company v. American Rent-All, Inc., 579 So.2d 429 (La.1991); Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757. The test for determining the causal relationship between the accident and subsequent injuries is whether the plaintiff proved, through medical testimony, that it was more probable than not that the subsequent injuries were caused by the trauma suffered in the accident, which, in the case sub judice, would be the automobile accident. See Maranto, supra, citing Starnes v. Caddo Parish School Board, 598 So.2d 472 (La.App. 2d Cir.1992). When the tort victim was in good health before the accident, then there is a presumption that the injuries resulted from the accident, provided that the medical evidence establishes a reasonable possibility of causation. Maranto, supra; Vinnett v. Whalen, 00-06 (La.App. 5th Cir.5/17/00), 762 So.2d 246, writ denied, 00-1772 (La.9/22/00), 768 So.2d 1286.
Where, however, multiple accidents and tortfeasors are involved, each tortfeasor is liable only for the direct and proximate results of his wrongful act. DeRouen v. Audirsch, 25,847 (La.App.2d Cir.6/28/94), 639 So.2d 476. In such situations, the plaintiff is required to prove a causal connection between the damages claimed and the accident by a reasonable preponderance of the evidence. Sanders v. Collins, 551 So.2d 644 (La.App. 1st Cir. 1989), writ denied, 556 So.2d 1261 (La. *718 1990); Dauzat v. Canal Insurance Company, 96-1261 (La.App. 3d Cir.4/9/97), 692 So.2d 739.
The determination of causation and extent of a plaintiffs injuries are questions of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989). The appellate standard of review on factual questions is well settled. On appellate review of a factual determination, the reviewing court may not set aside the factfinder's findings of fact in the absence of manifest error or unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La. 1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
In its Written Findings of Fact and Reasons for Judgment, the trial court made the following findings of fact:
5) [O]n July 5, 1998, Ms. Methvin was injured in another accident when she slid from a loose toilet seat and struck the wall in a restroom at a McDonald's restaurant. Ms. Methvin did not injure her head in that accident, but testified that the injury worsened her neck pain. Ms. Methvin described the pain in her neck prior to the McDonald's incident as a "6" on a scale of 1 to 10, and as a "9" after the fall at McDonald's. However, she also testified that her neck pain returned to a "6" about three weeks after the McDonald's incident, and this gradually decreased over the course of her treatment with Dr. Wojcik; ....
The record contains medical evidence, both the deposition testimony and live testimony of Dr. Wojcik, which indicates that Mrs. Methvin suffered extensive moderate injuries to her neck, shoulder and back as a result of the automobile accident. State Farm contends that any injury to Mrs. Methvin's back was caused by the Mc-Donald's incident and not the automobile accident. We acknowledge that Mrs. Methvin failed to specify a "back injury" on the patient information sheet she filled out on her first visit to Dr. Wojcik for treatment; however, it is noted in Dr. Wojcik's report that Mrs. Methvin experienced soreness and tightness in her back immediately following the automobile accident and before the McDonald's incident. Admittedly, there is evidence in the record, including the testimony of Dr. Wojcik and Mrs. Methvin herself, which supports the conclusion that the McDonald's incident exacerbated Mrs. Methvin's existing injuries. The trial judge so acknowledged; however, after hearing all of the evidence, the trial judge made a factual determination that the exacerbation was short-lived and that, after about three weeks, Mrs. Methvin's condition had returned to "pre-McDonald's" status. Since there exists a reasonable factual basis in this record for the trial court's conclusion in this regard, we will not disturb this finding.
Likewise, we find no abuse of discretion in the trial court's award of general and special damages to Mr. and Mrs. Methvin. In making damage awards, the discretion of the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Our role is not to decide what we consider to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Id. Each case is different and the adequacy or *719 inadequacy of the award should be determined by the facts and circumstances particular to the case under consideration. In reviewing a damage award, the initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the much discretion of the trier of fact. Id. Only if the reviewing court finds that an abuse of discretion has occurred may it consider whether the contested award is truly disproportionate to past awards for similar injuries. Id.
The trial court found that Mrs. Methvin sustained a myoligamentous strain of the lumbar spine, as diagnosed by Dr. Jones, which caused her to have severe headaches and neck and back pain. Mrs. Methvin experienced trouble sleeping after the accident and her daily work, household and social activities suffered due to the pain in her neck. In addition, her intimate relationship with Mr. Methvin was adversely affected. Significantly, Dr. Wojcik testified that he released Mrs. Methvin not because her condition had resolved, but, rather, because he did not feel that continued treatment would improve her condition any further. Mrs. Methvin continued to experience occasional headaches, short-term memory loss and neck pain as of the date of trial.
On this record, we do not find the general damage award to be an abuse of the trial court's great discretion. Likewise, we find sufficient evidence in the record to support the award to Mr. Methvin for loss of consortium in the amount of $4,000. Finally, we find no abuse of discretion in the trial court's awarding Mrs. Methvin the entirety of her medical expenses. This award was based on the trial court's decision that there were no separable injuries resulting from the McDonald's incident which would necessitate allocating medical expenses for specific injuries. We agree with the trial court that the medical expenses incurred by Mrs. Methvin were sufficiently related to the automobile accident to warrant the amount awarded.

CONCLUSION
For the foregoing reasons, the Amended Judgment of the trial court is affirmed. Costs are assessed to State Farm Mutual Automobile Insurance Company, Inc.
AFFIRMED.