Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,371-CA
No. 53,372-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

53,371-CA

DOROTHY A. SHAW LEE, ET AL.               Plaintiffs-Appellees

versus

NORTH LOUISIANA BIDCO, LLC, ET AL.        Defendants-Appellants

*consolidated with*

53,372-CA

NORTH LOUISIANA BIDCO, LLC                Plaintiff-Appellant

versus

MELVIN SHAW, THE UNOPENED                 Defendants-Appellees
SUCCESSION OF DOROTHY SHAW LEA,
AND THE UNOPENED SUCCESSION OF
DARLENE SHAW REEDY

* * * * *
Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 42,964 and 44,852

Honorable Jacque Derr, Judge

* * * * *

RICHARD A. ROZANSKI              Counsel for Appellants,
TREVOR C. MOSBY                  North Louisiana Bidco,
                                 James Garner, Richard
                                 Cloud, James Rock
                                 Company, LLC, Gilbert
                                 James, and Laura James

CHARLES R. WHITEHEAD, JR.  Counsel for Appellees, Dorothy Lee, Judy Shaw Cloud, Steven Roberts, Edna Mae Shaw, Melvin Shaw, Dorothy Shaw Lea Unopened Succession, Darlene Shaw Reedy Unopened Succession, and Melanie Birck

* * * * *

Before WILLIAMS, PITMAN, and THOMPSON, JJ.

**THOMPSON, J.**

This appeal arises out of the Eight Judicial District Court, Winn Parish, Louisiana, the Honorable Jacque Derr presiding. Appellants, North Louisiana Bidco, LLC, *et al*, appeal the judgment of the trial court nullifying certain option language in a sand, gravel and rock lease; Appellants assert the trial court erred by amending and expanding its' prior judgment nullifying the option language contained in the lease between the parties. For the following reasons, we **affirm** the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

In November 1993, several property owners executed a lease granting certain mineral rights to property located in Winn Parish to James Crooks. The purpose of the lease was for the exploration and mining of sand, gravel, rock, and ore from the subject property. The original lease encompassed the following parcel of land:

> West one-half (W ½) of Southwest one-fourth (SW ¼) of
> Northwest one-fourth (NW ¼), Section 34, T9NR5W.

Included in the lease was language creating an option granting the holder of the lease the right to lease and mine a separate tract of property, with *"the option to be exercised in [parcels] mutually agreed upon and only if the first above mentioned [parcels] has been mined all that is commercially practical."*[1] The lease was executed for a one-year term, with an option to

---

[1] The option applied to the following described property:

NW 1/4 of NW 1/4 and 5 A. strip across N. end of W 1/2 of SE 1/4 of NW 1/4 Sec. 34 Tp. 9 N. R. 5 W. pg. 52 Bk. 51, E 1/2 of SW 1/4 of NW 1/4 and beginning at SW Cor. of SE 1/4 of NW 1/4 Sec. 34 run E. 300 ft. to W. side of R/W of Wfld/-Mont. Hwy. th. in NE dir. par. with R.W to pt. 300 ft. W. of NW Cor. of SE 1/4 of NW 1/4 Sec. 34 th. W. to NW Cor. of SE 1/4 of NW 1/4 Sec. 34, th. S. to beg. Tp. N, R. 5 W. less 5 A. Strip across N. end of W 1/2 of SE 1/4 of NW 1/4 Sec. 34 Tp. 9 N. R. R W. pg. 58 Bk. 70.

renew the lease for an additional one-year term. The option to renew would be considered exercised unless the lessee provided written notice of his intent not to exercise the renewal option at least thirty days prior to the expiration of the lease. After the execution of the lease, a series of donations occurred wherein individual interests in the lease were transferred to other individuals or multiple individuals and recorded in the Winn Parish conveyance records.

In 2005, James Crooks transferred his interest in the lease to his limited liability company, James Rock Company, L.L.C. (hereinafter "James Rock"). Thereafter, James Rock transferred its interest to North Louisiana Bidco, LLC (hereinafter "Bidco"). Both James Rock and Bidco mined ore and minerals on the original leased property for a number of years. After a disagreement during lease renegotiations, Plaintiffs filed suit against Bidco and James Rock in 2011. Plaintiffs sought a declaratory judgment that certain option language in the lease was null and void. A default judgment was entered on March 14, 2012, where the trial court declared certain option language contained in the lease null and void, holding:

> IT IS ORDERED, ADJUDGED AND DECREED that the Preliminary Default entered on February 29, 2012 is confirmed and made final and there be Judgment in favor of plaintiffs' and against JAMES ROCK COMPANY, LLC declaring null and void the language of a option agreement in a lease between JAMES D. CROOKS and plaintiffs' recorded at Conveyance Book 233, Page 393 of the records of Grant Parish, Louisiana and assigned by JAMES D. CROOKS and HELEN CROOKS on August 2, 2005 recorded under Registry Number 191535, Book 261, Page 165 of the Public Records of Winn Parish, Louisiana, declaring said language purporting to give an option to the lessee which is hereby declared null and void. Said language in the lease is as follows:

> Said option to be exercised in [parcels] mutually agreed upon between the parties then and only if the first above mentioned [parcels] have been mined of all the materials that are commercially practical.

The issue apparently remained unresolved. On January 14, 2015, Plaintiffs filed a motion for summary judgment regarding the nullity of the option agreement in the original lease. Summary judgment was granted and judgment rendered on August 14, 2015, which again declared null and void the option as expressed in the lease.

On October 10, 2016, the original action regarding the lease language and a second suit involving the identity of the lessors and payments of royalties was consolidated. The matter regarding the royalty payments has since been settled by the parties via a consent judgment. Now, Bidco contends that the previous judgments did not declare **all** option language null and void, but only the option language directly cited by the trial court in its written judgments. Bidco filed a motion for summary judgment to declare the "remaining option language" valid and enforceable and to dissolve the preliminary injunction restricting Bidco from operating on the option property of the mineral lease.

The trial court clarified in detail that the previous judgment rendered on August 17, 2015, rendered null and void ALL option language contained in the original lease and not just the portion directly cited in the judgment. Judgment to that effect was signed by the trial court on January 23, 2018, and notice of signing of same and certificate of mailing was mailed on January 30, 2018.

3

Bidco filed a suspensive appeal on February 7, 2018, and this court issued an order stating that the January 23, 2018, judgment denying Appellants' motion for summary judgment was an interlocutory judgment and not a final judgment subject to appellate review. Thereafter, this court converted the appeal to a writ and issued a judgment on October 15, 2018, denying review.

A trial on the issues was held by the trial court on April 2, 2019, and it was found once again that all language in the original lease purporting to grant an option to lease additional acreage was null and void, that the original lease was in full force and effect as long as the terms and conditions of the lease are complied with, and that the option language in the original lease has no enforceable option to lease or mine the option property outside the original property identified in the lease. The judgment was signed by the trial court on May 1, 2019. Bidco now appeals that judgment.

## ASSIGNMENTS OF ERROR

(1) The trial court erred in its legal interpretation of the August 15, 2015 judgment declaring null and void all option language of the Mineral Lease.

(2) The trial court's judgment constitutes a substantive amendment to the August 15, 2015 judgment, contrary to Civil Code art. 1951.

## STANDARD OF REVIEW

Where factual findings are pertinent to the interpretation of a contract, those factual findings are subject to the manifest error standard of review. *Industrial Roofing & Sheet Metal Works, Inc. v. J.C. Dellinger Memorial Trust*, 32,048 (La. App. 2 Cir. 08/20/99), 751 So. 2d 928, *writs denied*, 99-2948, 99-2958 (La. 12/17/99), 752 So. 2d 166.

4

## DISCUSSION

**First Assignment of Error:** **The trial court erred in its legal interpretation of the August 15, 2015 judgment declaring null and void all option language of the Mineral Lease.**

In its first assignment of error, Bidco contends that the trial court erred in its interpretation of its previous judgment declaring null and void all option language of a mineral lease between the parties. We disagree.

A mineral lease is a contract whereby a lessee is granted the right to explore for and produce minerals in consideration of the payment of a rental or bonus. La. R.S. 31:114. A mineral lease is governed by the Mineral Code. La. C.C. art. 2672. However, La. R.S. 31:2 provides:

> The provisions of [the Mineral] Code are supplementary to those of the Louisiana Civil Code and are applicable specifically to the subject matter of mineral law. In the event of conflict between the provisions of this Code and those of the Civil Code or other laws the provisions of this Code shall prevail. If this Code does not expressly or impliedly provide for a particular situation, the Civil Code or other laws are applicable.

Therefore, courts have typically applied the rules of contract interpretation when interpreting contracts involving mineral rights. *See Stephenson v. Petrohawk Properties, L.P.*, 45,296 (La. App. 2 Cir. 06/02/10), 37 So. 3d 1145, citing *Blanchard v. Pan-OK Production Co., Inc.*, 32,764 (La. App. 2 Cir. 04/05/00), 755 So. 2d 376, *writ denied*, 00-1297 (La. 06/23/00), 765 So. 2d 1043. As is with contracts in general, a mineral lease is the law between the parties and regulates their respective rights and obligations. *Stephenson, supra*.

Under Louisiana law, a contract to enter into a lease at a future time is enforceable by either party if there was agreement as to the thing to be leased and the rent, unless the parties understood that the contract would not

be binding until reduced to writing or until its other terms were agreed upon.

La. C.C. art. 2670. Agreement as to the term is not necessary since the term

may be supplied by law. *See* La. C.C. art. 2680.

In the instant case, in denying Bidco's request for summary judgment,

the trial court held:

> The original lease on the original twenty acres remains in full
> effect so long as its terms and conditions are complied with.
> However, the Court reiterates its previous ruling concerning the
> option language in the lease, and I hold that again, once again,
> that that option is void and unenforceable, and I adopt, in
> connection with this ruling the reasons for judgment that I
> previously filed with respect to the option when I was ruling on
> the motion for summary judgment[.]

In its reasons for judgment, on April 20, 2015, the trial court stated:

> [We] had a lease of a certain piece of property back in, I believe
> 1993, and that lease had what we called an option agreement
> affecting certain other properties, I guess, adjacent to the
> property that was actually leased, and the expressed language of
> that, uh, option stated, "Said option to be exercised in [parcels]
> mutually agreed upon between the parties, and then only if the
> first mentioned [parcels] have been mined of all the materials
> that are commercially practical."
>
> It's the Court's opinion that, that particular paragraph, uh, was
> null at the outset because it did not contain a time frame within
> which the option was to be exercised. If the Court is wrong
> about that, the Court finds that on November 6, [20]14, or
> thereabout, there obviously had been some talk, or negotiations
> with the present holder of the original lease, and the now
> owners of the remaining property and about exercising the
> "option," and no agreement could be reached with respect to a
> new lease. There never was a lease on the property affected by
> the "option." Under those circumstances, I am [going to] render
> summary judgment declaring the option agreement set forth in
> that original lease was null and void, or in the alternative, was
> not exercisable because of the failure to come to a mutual
> agreement[.]

The lease option mandated that the parties agree upon the parcels of

land prior to Bidco being able to exercise the option to lease additional

acreage. The trial court properly determined that this paragraph was invalid

as it was an agreement to agree. It did not contain a time frame within which the option was to be exercised. The ability to exercise the option to lease additional acreage was predicated upon the original leased property having been mined all that is commercially practical. Additionally, the trial court determined that there was a breakdown in lease renegotiations between the parties and they could not reach an agreement with regard to leasing the additional option parcels of property. Therefore, this assignment of error lacks merit.

**Second Assignment of Error: The trial court's judgment constitutes a substantive amendment to the August 15, 2015 judgment, contrary to Civil Code art. 1951**.

In its second assignment of error, Bidco contends that the trial court's May 1, 2019 judgment substantively amended the substance of its' previous August 17, 2015 judgment. We disagree.

Louisiana Code of Civil Procedure article 1951 states that a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance. A "judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment." *Villaume v. Villaume*, 363 So. 2d 448 (La. 1978).

Here, the default judgment entered by the trial court on August 17, 2015 stated that it declared null and void language of an "option agreement in a lease[.]" There is no minimalization of any subpart of the option by the trial court. Rather, it declared the option null and void. There was only one option in the lease agreement. In its May 1, 2019, judgment, the court reiterated that in its 2015 judgment it declared null and void all language in the lease regarding an option to lease additional acreage null and void.

7

Although the original judgment directly cited a specific provision from the lease regarding the option language in its 2015 judgment, the trial court declared null and void the option agreement, and such was not limited to recitation of a portion of the document.

It is apparent the trial court reached the same conclusion and rendered a consistent judgment regarding its determination that the entirety of the option language in the lease agreement is null and void. The trial court intended to and did declare the option portion of the lease null and void dating back to 2015 and any language contained in the 2019 judgment was merely clarification and not a substantive change. As such, the argument of Bidco that the trial court impermissibly altered the substance of its prior judgment lacks merit.

## CONCLUSION

For the reasons expressed above, the judgment of the trial court is AFFIRMED. Costs are assessed to Appellants.

**AFFIRMED.**