NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-34


JAMES NICHOLAS ARTERBURN

VERSUS

KAREN ANN ARTERBURN


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-6667
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**

**JUDGE**

**********

Court composed of Ulyssess Gene Thibodeaux, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


MOTION TO DISMISS APPEAL GRANTED.

**Philip Collins Kobetz**
**Attorney at Law**
**Post Office Box 80275**
**Lafayette, LA 70598**
**(337) 291-1990**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James Nicholas Arterburn**

**Bradford Hyde Felder**
**Huval, Veazey, Felder & etc.**
**Post Ofice Box 80948**
**Lafayette, LA 70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Karen Ann Arterburn**

**PICKETT, Judge.**

The plaintiff-appellee, James Nicholas Arterburn, has filed a motion to dismiss this appeal as having been untimely filed. The defendant-appellant, Karen Ann Arterburn, has filed an opposition to the motion to dismiss. For the reasons stated below, we hereby grant the motion to dismiss the appeal at the defendant's cost.

This case involves a contentious divorce proceeding between the plaintiff and the defendant. On February 3, 2010, the trial court conducted a hearing at which it determined that the defendant was not free from fault in the marriage. Therefore, the trial court denied the defendant's motion for final/permanent spousal support. The trial court ordered the plaintiff's attorney to prepare a judgment within twenty days and that both parties approve the proposed judgment as to form and content. The parties later hired new counsel, and a judgment was not submitted and signed by the trial court until May 16, 2011. Notice of signing of the judgment was mailed on May 24, 2011. The defendant did not file a motion for new trial.

On July 15, 2011, the defendant filed a petition for appeal. However, on July 21, 2011, the defendant filed a motion and order to dismiss her appeal. The motion alleged that the judgment appealed was invalid because it contained an incorrect date. The trial court signed the order dismissing the appeal on July 21, 2011. In the meantime, on July 19, 2011, the defendant filed a motion to amend the judgment on motion for final spousal support. The judgment incorrectly stated that the hearing on that issue was held on February 10, 2010, when the hearing was actually held on February 3, 2010. The trial court denied the motion. The defendant filed a writ application bearing this court's docket number 11-1014

alleging that the trial court erred in refusing to correct the judgment. This court issued a ruling on September 30, 2011, stating:

> **WRIT GRANTED AND MADE PEREMPTORY**.
> We find that the trial court erred when it found that it lacked authority to amend the judgment signed on May 16, 2011, in connection with Relator's motion for final spousal support. *See Breithaupt v. Houston General Ins. Co.*, 398 So.2d 608 (La.App. 3 Cir. 1981). Therefore, we hereby reverse and set aside the trial court's ruling. We hereby remand this case to the trial court and order that the judgment on Relator's motion for final spousal support be amended to reflect the correct date on which the hearing was held for that motion.

The trial court signed an amended judgment on motion for final spousal support on October 24, 2011, amending the date as ordered. Notice of signing of the amended judgment was mailed on October 26, 2011. The defendant filed a petition for appeal on November 17, 2011. The trial court signed the appeal order on November 29, 2011. The appeal was lodged in this court on January 12, 2012.

In his motion to dismiss this appeal as having been untimely filed, the plaintiff contends that the defendant did not file an appeal from the judgment on motion for final spousal support within the applicable appeal delays. Pursuant to La.Code Civ.P. art. 3943, the defendant's delay for filing her appeal expired on July 5, 2011.

In opposition to the motion to dismiss, the defendant contends that the original judgment contained an error that prohibited her from obtaining an appeal until the error was corrected by the trial court's amended judgment. Although acknowledging that non-substantive amendments to judgments do not extend the appeal delays, the defendant argues that the unique circumstances of this case dictate that her appeal should be maintained. The defendant explains that after her original petition for appeal was filed, the lower court's clerk advised that it could not determine what record was needed to prepare the appeal record because the

2

judgment referred to a hearing date that did not exist in the record. The defendant states that is why she dismissed her original appeal and sought to have the trial court amend the judgment.

This court has specifically held that a trial court does have authority, under La.Code Civ.P. art. 1951, to amend a judgment to reflect the true date on which a decision was rendered. *Breithaupt v. Houston General Ins. Co.*, 398 So.2d 608 (La.App. 3 Cir. 1981). The amendment of a judgment in accordance with La.Code Civ.P. art. 1951 does not affect the time delay for taking an appeal from that judgment. *Goodwin v. Gulledge,* 391 So.2d 883 (La.App. 3 Cir. 1980). Therefore, we find that the defendant's petition for appeal filed on November 17, 2011, was untimely filed. We further note that even if the defendant had maintained her original appeal, that appeal, too, was untimely filed. As stated above, the appeal delay in this case ran on July 5, 2011, and the defendant filed her original petition for appeal on July 15, 2011. Therefore, we hereby grant the plaintiff's motion to dismiss the appeal and dismiss this appeal at the defendant's cost.

**MOTION TO DISMISS APPEAL GRANTED .**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.